# American Property Locators, Inc.
3855 S. Boulevard, Suite 200
Edmond, OK 73013

Fax (405) 340-5968          toll free  (800) 730-4343
duffield@apl-inc.com         Direct    (405) 341-9001

January 8, 2009

U.S. Bankruptcy Court
WESTERN DISTRICT OF PENNSYLVANIA
5414 USX Tower
Pittsburgh, PA 15219

Attn: Intake

    Re:    WESTERN DISTRICT OF PENNSYLVANIA
           APPLICATION FOR ORDER DIRECTING PAYMENT OF FUNDS TO
           CREDITOR/CLAIMANT

Dear Sir/Madam:

    Enclosed is an Application reflecting Local Rule 17 on Captions on the Application for Order Directing Payment of Funds to Creditor/Claimant relating to the following matter. The certificate of service has been expanded to include the Debtor and the US Trustee. Reference is made to the original application on file with the court.

| | |
|---|---|
| Case No: | 02-29809 |
| Debtor: | Bruce J. Schoenfelder |
| Creditor/Claimant: | Planet Beach Franchising Corp |
| Amount: | $21,545.56 |

    Please forward a file stamped copy of the application and order along with the payment for this entity to the party set forth in the order. Thank you for your assistance in this matter.

                        Sincerely,

                        J. Armstrong Duffield

Enclosures

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) Case No. 02-29809 |
| Bruce J. Schoenfelder | ) (Chapter 7) |
| DEBTOR | ) |
| Planet Beach Franchising Corp | ) |
| MOVANT | |
| Unclaimed Funds Account | |
| RESPONDENT | |

FILED
2009 JAN 12 AM 8:58
US BANKRUPTCY COURT

APPLICATION FOR ORDER DIRECTING PAYMENT
OF FUNDS TO CREDITOR/CLAIMANT PURSUANT TO
11 U.S.C. SECTION 347 AND 28 U.S.C. SECTIONS 2041 ET. SEQ.

Planet Beach Franchising Corp (the "Claimant") a claimant in the captioned case respectfully requests as follows:

1. Claimant was a creditor of the Debtor and was due to receive and the trustee did, in fact, make a distribution from the Debtor to the Claimant in the amount of approximately $21,545.56. The funds for the Claimant were eventually paid into the Court pursuant to 11 U.S.C. § 347.

2. Pursuant to 11 U.S.C. § 347 and chapter 129 of title 28, United States Code, the Claimant requests that the Court issue an order directing payment to the Claimant and that payment be made in care of the party set forth on the limited power of attorney.

WHEREFORE, Claimant requests that the Court issue an order directing payment of all funds held by the Court in this case and for such further and other relief as is just and appropriate.

Planet Beach Franchising Corp

By: _____
J. Armstrong Duffield,
Attorney-in-fact for Planet Beach Franchising Corp.
American Property Locators, Inc.
3855 S. Boulevard, Suite 200
Edmond, OK 73013-5473

# LIMITED POWER OF ATTORNEY

Planet Beach Franchising Corp, ("Principal") executes this Limited Power of Attorney with the intention that the attorney-in-fact named below shall be able to act in its place for the purposes and duration set forth below.

Principal appoints J. Armstrong Duffield of American Property Locators, Inc., One South Broadway, Suite 301, Edmond, OK 73034 to be its attorney-in-fact to act for it in its name and place, and in any capacity that Principal might act, **Only to recover cash or cash equivalents specifically arising from the Bruce J. Schoenfelder bankruptcy matter that belong to the Principal in the amount of 21,545.56**, and may be paid to the Principal after compliance with procedures of applicable laws (the "Unclaimed Funds").

This Limited Power of Attorney shall become effective on the date written below and shall remain effective until the Unclaimed Funds are claimed and remitted to Principal.

Principal's attorney-in-fact shall have all of the powers, discretion's, elections, and authorities granted by law (including the endorsement of any instrument of payment on behalf of Principal) in connection with the claim, execution, acknowledgment, and delivery of any and all documents necessary or connected with claiming and recovering for Principal the Unclaimed Funds. Principal authorizes the use of a photocopy of this Limited Power of Attorney, for any purpose, in lieu of the original.

DATED this 29th day of October, 2008

**PRINCIPAL:**
Planet Beach Franchising Corp
Tax ID# 72-1343-192

By: _____
Stephen Smith

Title: CEO

PRINCIPAL'S ADDRESS:
5161 Taravella Rd
Marrero, LA 70072

## ACKNOWLEDGMENT

STATE OF Louisiana
Parish OF Jefferson

Before me, the undersigned a Notary Public, in and for said County and State on this 29th day of October, 2008, personally appeared Stephen Smith to me known to be the identical person who subscribed his/her name to the foregoing instrument, as its CEO and acknowledged to me that he/she executed the same as his/her free and voluntary act and deed of such corporation, for the purposes therein set forth.

In Witness Whereof, I have hereunto set my official signature and affixed my official seal the day and year first above written.
My Commission Expires: For Life

Notary: Dawn A. Diaz
Dawn A. Diaz
Notary Public
State of Louisiana
Bar No. 28554
My commission is for life.



# AFFIDAVIT OF OWNERSHIP OF FUNDS

I, Stephen Smith, CEO, Planet Beach Franchising Corporation does hereby confirm that the claim as filed by Planet Beach Franchising Corp. is valid and that the monies are due and owing to Planet Beach from the Bankruptcy of Bruce J. Schoenfelder.

_____
Stephen Smith
CEO, Planet Beach Franchising Corp.

## ACKNOWLEDGMENT

STATE OF Louisiana )
Parish OF Jefferson )

Before me a Notary Public, in and for said County and State on this 29th day of October, 2008 personally appeared Stephen P. Smith to me known to be the identical person who subscribed his/her name to the foregoing instrument as its CEO/President and acknowledged to me that he/she executed the same as his/her free and voluntary act and deed of such corporation, for the purposes therein set forth.

In Witness Whereof, I have hereunto set my official signature and affixed my official seal the day and year first above written.

My Commission Expires:
for Life

_____
Notary Public

Dawn A. Diaz
Notary Public
State of Louisiana
Bar No. 28554
My commission is for life.

IN CHAPTER 13 CASES, FILE AN ORIGINAL AND ONE COPY OF THE CLAIM WITH THE CLERK. SERVE A SECOND COPY ON THE DEBTOR'S ATTORNEY (OR DEBTOR WHEN NOT REPRESENTED BY COUNSEL).

FORM B10 (Official Form 10)(4/01)

| UNITED STATES BANKRUPTCY COURT WESTERN DISTRICT OF PENNSYLVANIA | | |
|---|---|---|
| Name of Debtor<br>Bruce J. Schoenfelder | Case Number<br>02-29809 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>Planet Beach Franchising Corp.<br>Name and Address where notices should be sent:<br><br>Planet Beach Franchising Corp.<br>c/o Charles R. Penot, Jr.<br>McGlinchey Stafford, PLLC<br>643 Magazine Street<br>New Orleans, LA 70130-3477<br><br>Telephone Number: 504-586-1200 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
| Account or other number by which creditor identifies debtor:<br>N/A | Check here if ☐ replaces<br>this claim ☐ amends a previously filed claim, dated _____ | |
| 1. Basis for Claim<br>☐ Goods sold<br>☐ Services performed<br>☐ Money loaned<br>☐ Personal injury/wrongful death<br>☐ Taxes<br>☒ Other Damages for defamation & related causes of action (see attached) | ☐ Retiree benefits as defined in 11 U.S.C. §1114(a)<br>☐ Wages, salaries, and compensation (fill out below)<br>Your SS #: ___ ___ ___<br>Unpaid compensation for services performed<br>from _____ to _____<br>(date)       (date) | |
| 2. Date debt was incurred:<br>Before June 18, 2002 | 3. If court judgment, date obtained: | |
| 4. Total Amount of Claim at Time Case Filed: | $ 2,500,000.00 plus pre-judgment interest & attorney's fees | |
| If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.<br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges. | | |
| 5. Secured Claim.<br>☐ Check this box if your claim is secured by collateral (including a right of setoff).<br>Brief Description of Collateral:<br>☐ Real Estate  ☐ Motor Vehicle<br>☐ Other_____<br><br>Value of Collateral: $_____<br><br><br>Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____ | 6. Unsecured Priority Claim.<br>☐ Check this box if you have an unsecured priority claim<br>Amount entitled to priority $_____<br>Specify the priority of the claim:<br>☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).<br>☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(4).<br>☐ Up to $ 2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).<br>☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).<br>☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).<br>☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).<br><br>*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. | |
| 7. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>8. Supporting Documents: *Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.*<br>9. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | | THIS SPACE IS FOR COURT USE ONLY<br><br>Mail to:<br>U.S. Bankruptcy Court<br>c/o Claims Clerk<br>P.O. Box 165<br>Pittsburgh, PA 15230 |
| Date<br>4 February 2003 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): Charles R. Penot, Jr.,<br>Attorney for Planet Beach Franchising Corp. & Planet Beach Tanning Salons, Inc. | |
| *Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571. | | |

004861

# PLANET BEACH FRANCHISING CORPORATION

[ New Search ]    [ Printer Friendly ]    [ Calculate List Fees ]

## Business Entity Information

| | | | |
|---|---|---|---|
| Status: | Active | File Date: | 3/25/2008 4:05:33 PM |
| Type: | Domestic Corporation | Corp Number: | E0193572008-1 |
| Qualifying State: | NV | List of Officers Due: | 3/31/2009 |
| Managed By: | | Expiration Date: | |

## Registered Agent Information

| | | | |
|---|---|---|---|
| Name: | CSC SERVICES OF NEVADA, INC. | Address 1: | 502 EAST JOHN STREET |
| Address 2: | | City: | CARSON CITY |
| State: | NV | Zip Code: | 89706 |
| Phone: | | Fax: | |
| Mailing Address 1: | | Mailing Address 2: | |
| Mailing City: | | Mailing State: | NV |
| Mailing Zip Code: | | | |
| Agent Type: | Commercial Registered Agent - Corporation | | |
| Jurisdiction: | NEVADA | Status: | Active |

View all business entities under this registered agent

## Financial Information

| | | | |
|---|---|---|---|
| No Par Share Count: | 0 | Capital Amount: | $ 11,000.00 |
| Par Share Count: | 110,000,000.00 | Par Share Value: | $ 0.0001 |

## Officers

☐ Include Inactive Officers

### Secretary - RICHARD JUKA

| | | | |
|---|---|---|---|
| Address 1: | 5145 TARAVELLA RD | Address 2: | |
| City: | MARRERO | State: | LA |
| Zip Code: | 70072 | Country: | |
| Status: | Active | Email: | |

### Treasurer - RICHARD JUKA

| | | | |
|---|---|---|---|
| Address 1: | 5145 TARAVELLA RD | Address 2: | |
| City: | MARRERO | State: | LA |
| Zip Code: | 70072 | Country: | |
| Status: | Active | Email: | |

**President - STEPHEN SMITH**

| | | | |
|---|---|---|---|
| Address 1: | 5145 TARAVELLA RD | Address 2: | |
| City: | MARRERO | State: | LA |
| Zip Code: | 70072 | Country: | |
| Status: | Active | Email: | |

**Director - STEPHEN SMITH**

| | | | |
|---|---|---|---|
| Address 1: | 5145 TARAVELLA RD | Address 2: | |
| City: | MARRERO | State: | LA |
| Zip Code: | 70072 | Country: | |
| Status: | Active | Email: | |

**Actions\Amendments**
Click here to view 3 actions\amendments associated with this company

You are currently not logged in

Nevada Secretary of State, Ross Miller   Copyright 2008  All rights reserved

RECEIVED
U.S. DISTRICT COURT
EAST DISTRICT OF LA

2002 JUN 18  PM 5:00

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PLANET BEACH FRANCHISING CORPORATION, PLANET BEACH TANNING SALONS, INC., | § § § § § | CIVIL ACTION NO. **02-1859** |
| PLAINTIFFS, | § § | SECTION |
| V. | § § | **SECT. R MAG. 2** |
| C3UBIT, INC. d/b/a TANTODAY.COM, BRUCE SCHOENFELDER | § § § | MAG. DIV. |
| DEFENDANTS. | § § | |

### PLAINTIFFS' ORIGINAL COMPLAINT

#### A. PARTIES

1. Plaintiff Planet Beach Franchising Corporation is a corporation that is organized under the laws of the State of Louisiana.

2. Plaintiff Planet Beach Tanning Salons, Inc. is a corporation that is organized under the laws of the State of Louisiana.

3. Defendant C3ubit, Inc. d/b/a TanToday.Com is a corporation that is incorporated under the laws of the State of Pennsylvania. Upon information and belief, Defendant C3ubit, Inc. has its principal place of business in the State of Pennsylvania. Defendant C3ubit, Inc. may be served with process by personally serving its president, Bruce Schoenfelder, at his usual place of abode at

217 Rainprint Square #100, Murrysville, Pennsylvania 15668 or at his usual place of business at Rayz Tanning Centre, 413 Commerce St., Wilmerding, Pennsylvania 15148. FED. R. CIV. P. 4(h)(1) and 4(e)(1); PA. R. CIV. P. 402.

4. Defendant Bruce Schoenfelder, an individual who is a citizen of the State of Pennsylvania, may be served with process by personally serving him at his usual place of abode at 217 Rainprint Square #100, Murrysville, Pennsylvania 15668 or at his usual place of business at Rayz Tanning Centre, 413 Commerce St., Wilmerding, Pennsylvania 15148 FED. R. CIV. P. 4(e)(1); PA. R. CIV. P. 402.

### B. JURISDICTION

5. The court has jurisdiction over the lawsuit because the action arises under 28 U.S.C. § 1332(a)(1) because Plaintiffs and Defendants are citizens of different states, and the amount in controversy exceeds $75,000, excluding interest and costs.

6. This court has jurisdiction over the lawsuit under 28 U.S.C. § 1338(a), because the action arises under 15 U.S.C. § 1114 in that Defendants infringed upon the registered trademark rights owned by Planet Beach Tanning Salons, Inc. and licensed to Planet Beach Franchising Corporation.

7. This court has personal jurisdiction over Defendants. This court has general jurisdiction over Defendants because, upon information and belief, Defendants have engaged in systematic and continuous activities in Louisiana. This court has specific jurisdiction over Defendants because Defendants have established minimum contacts with Louisiana.

8. Defendants' TanToday.Com web site ("the web site") purports to offer tanning industry information, news, and a discussion forum. Defendants' web site also generates income for Defendants by soliciting advertisements on their web site. A true and correct copy of Defendants' advertisement solicitation is attached as **Exhibit "A."** Upon information and belief, Defendants

-2-

target businesses in the tanning industry from all jurisdictions, including Louisiana. **Ex. "A."** Further, Defendants' posts admit that Defendants have repeatedly reached out to Louisiana by calling the corporate offices of Planet Beach Franchising Corporation and leaving voice mail messages about articles on the web site. A true and correct copy of Defendants' posts are attached as **Exhibit "B."** Because Defendants seek advertising customers from Louisiana, and because Defendants actively reach out to Louisiana through telephone calls, e-mails, and Internet message posts, Defendants' activities go beyond those of a passive web site and are those of a company that "clearly does business over the Internet by entering into contracts with residents of other states." *Mink v. AAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999) (adopting the reasoning of *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997)).

## C. FACTS

9.  Planet Beach Franchising Corporation is a corporation in the business of selling and maintaining tanning salon franchises operating under the Planet Beach name. Planet Beach Franchising Corporation has been recognized and ranked in the Franchise 500 by Entrepreneur magazine. **Ex. "B."** p. 1.

10. Planet Beach Tanning Salons, Inc. is the sole owner of trademark rights in its mark. The mark bears registration number 2,070,046. Planet Beach Tanning Salons, Inc. licenses the mark for use by Planet Beach Franchising Corporation.

11. Stephen P. Smith is the president and founder of both Planet Beach Franchising Corporation and Planet Beach Tanning Salons, Inc.

12. Upon information and belief, Defendant Bruce Schoenfelder is the webmaster, administrator, and moderator of TanToday.Com under the alias "Yoda Bruce." He is the president of Defendant C3ubit, Inc. d/b/a TanToday.Com, and actively controls the content and provides substantive and editorial input on TanToday.Com.

-3-

13. Defendants posted, sent, and published to third parties statements that are factually untrue, without basis in fact, and with reckless disregard for the truth of said statements. **Ex. "B."** The defamatory statements include but are not limited to:

   a. allegations of fraud, corruption, self-dealing, and broken promises in the conduct of Plaintiffs' business. **Ex. "B,"** p. 1. Defendants have no basis whatsoever for these defamatory claims of illegal behavior and improper business practices as they are completely untrue.

   b. allegations that "[Defendant Bruce Schoenfelder] spent a few minutes interviewing the new owners of the Planet Beach franchsise [sic] . . . ." **Ex. "B,"** p. 1. Defendants have never interviewed Planet Beach, its owners, or officers.

   c. allegations that Planet Beach Franchising Corporation founder Stephen Smith had, prior to starting Planet Beach Franchising Corporation, "FOUR **FAILED** tanning salons." **Ex. "B,"** p. 2. This is defamatory because no salons before Planet Beach failed under Stephen Smith's ownership.

   d. allegations that "the training provided, if any at all, was done by people with LIMITED TO NO background in running a successful tanning operation." This is defamatory because the Planet Beach Franchising Corporation's training is provided by those who themselves own franchises and have extensive first-hand experience in the business.

14. Defendants' web site incorporated the registered trademark of Planet Beach Tanning Salons, Inc. without privilege or permission. **Ex. "B,"** p. 1. Defendants composed and published such defamatory statements to third parties on an Internet world wide web site called http://www.TanToday.Com. **Ex. "B."** Defendants also operate, moderate, and edit the content of

-4-

the web site. **Ex. "B."**. The statements included false accusations of fraud, corruption, self-dealing, broken promises, unethical acts, incompetence, illegal acts, and mistakes. Such statements were false, malicious, reckless, or at a minimum negligently made, identified Planet Beach Franchising Corporation and its employees, and were intended to harm Planet Beach Franchising Corporation's standing in its industry as well as that of its employees and franchisees. **Ex. "B,"** pp. 1-3.

15.    Defendants' unauthorized use of Planet Beach Tanning Salons, Inc.'s trademark harms Planet Beach Tanning Salons, Inc., Planet Beach Franchising Corporation (as licensee), and Planet Beach franchisees by creating a likelihood of confusion that third parties will associate Planet Beach Tanning Salons, Inc. and its licensees, Planet Beach Franchising Corporation and Planet Beach franchisees, with Defendants.

16.    Defendants also intended the defamatory statements to interfere with Planet Beach Franchising Corporation's contractual and business relations with prospective and existing franchisees. **Ex. "B,"** p. 3. Defendants state, "we are alerting the ENTIRE INDUSTRY of a meltdown, and warning everyone with business dealings with Planet Beach to review your status, your arrangements, and hunker down." Planet Beach Franchising Corporation knows of at least five existing and prospective franchisees who, influenced by Defendants' illegal acts, either broke or refrained from establishing business contracts with Planet Beach. Each franchise relationship has substantial value over the term of the franchise. Defendants' acts not only harm Planet Beach Franchising Corporation, but also harm Planet Beach franchisees by damaging the value of their businesses.

### D. COUNT 1 - LIBEL

17.    Plaintiffs incorporate paragraphs 1 through 16.

18.    Planet Beach Franchising Corporation has been recognized and ranked in the Franchise 500 by Entrepreneur magazine. **Ex. "B,"** p. 1.

19. Defendants' published statements about Plaintiffs to third parties. **Ex. "B."** The statements disparage Plaintiffs and subject them to ridicule by alleging fraud, corruption, self-dealing, and broken promises. **Ex. "B."**

20. The statements are false, made by Plaintiffs without privilege, and made with malice, reckless disregard for the truth and/or other fault. As a result of Defendants' libel, Plaintiffs suffered damages to their personal reputations, business reputations, good will, and standing in the community. Defendants' defamatory acts constitute libel. *See* LA. CIV. CODE ANN. art. 2315 (West 1997).

### E. COUNT 2 - LIBEL PER SE

21. Plaintiffs incorporate paragraphs 1 through 16.

22. Planet Beach Franchising Corporation has been recognized and ranked in the Franchise 500 by Entrepreneur magazine. **Ex. "B,"** p. 1.

23. Defendants' published statements about Plaintiffs to third parties. **Ex. "B."** The statements disparage Plaintiffs and subject them to ridicule by alleging fraud, corruption, self-dealing, and broken promises. **Ex. "B."** The statements accuse Plaintiffs of illegal acts and misconduct in the course of their business. The statements are false, made by Plaintiffs without privilege, and made with malice and reckless disregard for the truth.

24. As a result of Defendants' libel per se, Plaintiffs suffered damages to their personal reputations, business reputations, good will, and standing in the community. Defendants' defamatory acts constitute libel per se. *See* LA. CIV. CODE ANN. art. 2315 (West 1997).

### F. COUNT 3 - TORTIOUS INTERFERENCE WITH BUSINESS INTEREST

25. Plaintiffs incorporate paragraphs 1 through 16. Defendants' acts improperly and maliciously interfere with Plaintiffs' business interests by influencing third parties not to deal with

-6-

Plaintiffs by suspending existing contracts and avoiding entry into new contracts with Plaintiffs. **Ex. "B,"** p. 3.

26. Defendants' defamatory acts constitute tortious interference with business interests. Plaintiffs know of at least five existing or prospective contracts, each with value in excess of the diversity-of-citizenship jurisdictional amount, that were lost or damaged as a direct result of Defendants' defamatory acts. Plaintiffs are entitled to recover from Defendants a sum representing the value of the contracts with which Defendants are known to have interfered, which sum is well in excess of $75,000.00, exclusive of interest and costs. *See* LA. CIV. CODE ANN. art. 2315 (West 1997).

### G. COUNT 4 - INTERFERENCE WITH TRADEMARK RIGHTS

27. Plaintiffs incorporate paragraphs 1 through 16.

28. Planet Beach Tanning Salons, Inc. is the sole owner of trademark rights in its mark. The mark bears registration number 2,070,046. Planet Beach Tanning Salons, Inc. licenses the mark for use by Planet Beach Franchising Corporation and its franchisees.

29. Defendants appropriated the protected mark without permission or privilege. **Ex. "B,"** p. 1. By doing so, Defendants created a likelihood of confusion that Plaintiff Planet Beach Tanning Salon, Inc. and its licensees were affiliated with Defendants. 15 U.S.C.A. § 1114 (West 1997).

30. Defendants infringement without payment, permission, or privilege harms the value of the mark, as it distinguishes Plaintiffs' goods and services from others.

31. Defendants infringed upon Plaintiff Planet Beach Tanning Salon, Inc.'s trademark rights, for which Plaintiffs are entitled to recover damages.

### H. COUNT 5 - UNFAIR TRADE PRACTICES

32. Plaintiffs incorporate paragraphs 1 through 16.

33. Defendants falsely advertised the nature of their web site as one promoting the truth when in fact their web site contained numerous false and defamatory statements about Plaintiffs. **Ex. "A," Ex. "B."**

34. Defendants misappropriation of Plaintiff's trademark falsely associates Defendants' web site with Plaintiffs. **Ex. "B."**

35. Defendants' acts constitute unfair trade practices under Louisiana law, for which Plaintiffs are entitled to recover damages. LA. REV. STAT. ANN. § 51:411 (West 1987).

WHEREFORE Plaintiffs ask that the court:

a. Enter judgment for Planet Beach for actual and punitive damages exceeding the minimum jurisdictional requirements of this court;

b. Enter a preliminary injunction enjoining Defendants, its officers, agents, servants, employees, attorneys, and all persons acting in concert with them, from publishing any false and defamatory statements about Planet Beach Franchising Corporation, Planet Beach Tanning Salons, Inc., their officers, employees, or franchisees, including without limitation the statements appearing on **Ex. "B"** or any other statements accusing such persons of fraud, corruption, self-dealing, broken promises, business failures, lack of ethics, and business inexperience, and requiring that Defendants refrain from using Planet Beach's trademarks;

c. Enter a preliminary injunction enjoining Defendants, its officers, agents, servants, employees, attorneys, and all persons acting in concert with them, to remove immediately or cause to be removed the defamatory or infringing posts placed by Defendants, its officers, agents, servants, employees, attorneys, and all persons acting in concert with them, from Defendants' www.TanToday.Com web site and from any and all other places, whether in print, electronic media, or otherwise, where Defendants have published or have caused to be published false, defamatory or infringing statements, including, without limitation, allegations of fraud, corruption, self-dealing, broken promises, business failures, lack of ethics, and business inexperience, and all replies and responses to such allegations, even if posted by third parties.

d. Enter a preliminary injunction enjoining Defendants, its officers, agents, servants, employees, attorneys, and all persons acting in concert with them, from destroying, deleting, erasing, modifying, or otherwise concealing e-mail

-8-

correspondence, message headers containing IP addresses, message replies, message responses, forwarded messages, drafts, cache files, history files, activity logs, usage logs, error logs, backups, and archives thereof, from Defendants' computer system, servers, network, peripherals, print-outs, and data storage devices, or from the same devices used by Defendants, for a period beginning May 9, 2002 and running throughout the duration of the injunctive relief;

e. Enter a preliminary injunction enjoining Defendants, its officers, agents, servants, employees, attorneys, and all persons acting in concert with them, from unlawfully using Planet Beach Tanning Salon Inc.'s trademark drawing (registration number 2,070,046); and

f. Enter a preliminary injunction enjoining Defendants, its officers, agents, servants, employees, attorneys, and all persons acting in concert with them from unlawfully using Planet Beach Tanning Salon Inc.'s trade name in association with Defendants' trade.

g. Award costs of court; and

h. Grant any other relief it deems appropriate.

Respectfully submitted,

*[signature]*

CHARLES R. PENOT, JR., T.A. (#01530)
McGLINCHEY STAFFORD, PLLC
643 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 586-1200
Telecopier: (504) 596-2800

*ATTORNEY FOR PLAINTIFFS*
*PLANET BEACH FRANCHISING CORPORATION,*
*PLANET BEACH TANNING SALONS, INC.*

**OF COUNSEL:**
McGLINCHEY STAFFORD, PLLC
JOEL W. MOHRMAN
Texas Bar No. 14253500
Southern District of Texas No. 5161
ANDERSON L. CAO
Texas Bar No. 24031910
Southern District of Texas No. 30284
1001 McKinney, Suite 1500
Houston, Texas 77002
Tel: 713/520-1900
Fax: 713/520-1025

Office Of The Chapter 13 Trustee
Western District of Pennsylvania
US Steel Tower - Suite 3250
600 Grant Street
Pittsburgh PA 15219

Ronda J. Winnecour
Standing Trustee

Richard J. Bedford
Chief Counsel

Phillip J. McHale, III
Chief Accountant

September 12, 2008

John J. Horner, Esquire
Clerk, U.S. Bankruptcy Court
5414 U.S. Steel Tower
600 Grant Street
Pittsburgh PA 15219

OR

John J. Horner, Esquire
Clerk, U.S. Bankruptcy Court
U.S. Courthouse, Room B160
17 South Park Row
Erie PA 16501

RE: BRUCE J SCHOENFELDER

Case No.: 02-29809  F

Dear Mr. Horner:

I enclose herein a check which represents unclaimed monies in the Chapter 13 case referenced above.

These funds are owned by the following creditor. The Trustee issued payment to the creditor, in accordance with the Chapter 13 plan. The address shown is based on the Trustee's best and most recent information.

PLANET BEACH FRANCHISING CORP*
5161 TARAVELLA RD
MARRERO LA
            70072

CHECK NUMBER **596448**         AMOUNT $ **21,545.56**

The disbursement(s) was returned to the Trustee for the following reason:

\_\_\_\_\_  a. Trustee has been unable to locate Creditor.

**X**  b. Creditor returned funds.

\_\_\_\_\_  c. Stale dated, check 90 days old and not negotiated.



# CERTIFICATE OF MAILING

    I hereby certify that on January 8, 2009, I have mailed a true and correct copy of the foregoing APPLICATION FOR ORDER DIRECTING PAYMENT OF FUNDS TO CREDITOR/CLAIMANT PURSUANT TO 11 U.S.C. SECTION 347 AND 28 U.S.C. SECTIONS 2041 ET. SEQ. to:


Debtor
Bruce J. Schoenfelder
217 Rainprint Lane
Murraysville, PA 15668

United States Attorney
633 U. S. Post Office & Courthouse Bldg.
Pittsburgh, PA 15219

United States Trustee
Office of the United States Trustee
Liberty Center
1001 Liberty Avenue, Suite 970
Pittsburgh, PA 15222

                */s/ J. Armstrong Duffield*
                J. Armstrong Duffield